IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ALBERT C. BURGESS, JR.,        )
                               )
            Plaintiff,         )
                               )
     v.                        )       1:11-CV-193
                               )
EBAY, INC., et al.,            )
                               )
            Defendants.        )

**ORDER**

This matter is before the Court on review of the Order and Recommendation of the United States Magistrate Judge (Doc. 76); on Plaintiff's "Motion for a Stay on the Pleadings Pending a Ruling on this Motion Under 28 U.S.C. § 144 – Bias and Prejudice of the Magistrate Judge" (Doc. 81); and on Plaintiff's "Motion to Strike; Motion for Extension of Time to Respond to the Magistrate Judge; Motion for Sanctions–Atkins." (Doc. 84.)

    I.    <u>The Recommendation and Order</u>

The Magistrate Judge's Recommendation and Order was filed in accordance with 28 U.S.C. § 636(b) and, on June 13, 2013, was served on the plaintiff. The plaintiff did not file any objections to the Recommendation and Order. However, he did file two other documents, as noted *supra*. The Motion for a Stay appears to state some disagreements with the Magistrate Judge's rulings and recommendations as a basis for recusal, but the Motion for Extension of Time seeks more time to comply with that same ruling. Giving the plaintiff the benefit of the doubt, the Court will construe the motion for a stay as an objection, to the extent that this motion states specific disagreement with portions of the Magistrate Judge's Recommendation and Order.

Having reviewed those objections and considered the matter, the Court hereby adopts the Magistrate Judge's Recommendation and Order, except as to Claim 5, which the Court has resolved by separate order on motion by the defendant DHL, (Doc. 67), entered concomitantly herewith.  Further, in view of the plaintiff's motion for more time to comply with the Magistrate Judge's requirements, (Doc. 84), the Court has given the plaintiff one more month to comply.

II. Motion to Stay/Recuse

The motion for a stay and to recuse is without merit.  The plaintiff relies entirely on adverse findings and recommendations of the Magistrate Judge to support his claim of bias.  Yet it is well-established that mere disagreement on legal questions does not require a judge to recuse.  As stated by the United States Supreme Court:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.,* 384 U.S., at 583, 86 S.Ct., at 1710. In and of themselves (*i.e.,* apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).  Similarly, a judge's efforts at management of the docket are not a basis for recusal.  *See id.* at 556 ("A judge's ordinary efforts at courtroom administration . . . remain immune.")  This kind of recusal motion "not only threatens limitless gamesmanship but the fearless administration of justice itself." *Belue v. Leventhal*, 640 F.3d 567, 574 (4th Cir. 2011).  Recusal motions "cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." *Id.*

While the plaintiff makes a number of factual statements in his motion, he has presented no evidence in support of those statements.  For example, he makes statements about the Magistrate Judge's motivation, but his affidavit does not provide any factual support for such allegations, he does not explain how he has come into possession of personal knowledge of the

2

Magistrate Judge's motivation, and he provides no evidence from which any such inferences could be drawn. His conclusory allegations of bias are not supported by the record.

Here, the Court is obligated to review the plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and this the Magistrate Judge did in a reasonable, thorough, and careful way; given the complexity of the complaint and the plaintiff's confusing pleadings and repetitive filings, this was no small task. In addition to § 1915A, the Court has inherent authority to manage its own docket and has an independent duty to examine jurisdiction. The Magistrate Judge's approach is a rational way to deal with the problems raised by the plaintiff's failure to comply with many Rules of Civil Procedure.

Moreover, the Recommendation and Order was quite generous to the plaintiff. The Magistrate Judge did not recommend dismissal of the entire case outright, which would have been an equally reasonable approach given all the facts. Rather, the Magistrate Judge gave the plaintiff an opportunity to continue to seek relief on certain claims if he can overcome certain identified deficiencies.

"Dissatisfaction with a judge's views on the merits of a case may present ample grounds for appeal, but it rarely—if ever—presents a basis for recusal." *Belue*, 640 F.3d at 575. When a party disagrees with the rulings of the Magistrate Judge, he is free to file appropriate objections as allowed by law. If he disagrees with how those objections are treated by the district court, then he can seek review by the Court of Appeals. When he fails to object or to appeal, he is not allowed to challenge court orders by the back door of a recusal motion, as he attempts to do here. If he wants to proceed with his remaining claims, all he has to do is comply with the very reasonable requirements imposed by the Magistrate Judge and adopted by this Court. This motion will be denied.

3

III.  Motion to Strike/Motion for Extension of Time/Motion for Sanctions

To the extent the plaintiff is seeking more time to comply with the requirements of the Magistrate Judge's Recommendation and Order, the Court will allow it, as stated more specifically *infra*.

The motion to strike and the motion for sanctions are frivolous and will be denied.

It is **ORDERED** that:

1. Plaintiff's "Motion for a Stay on the Pleadings Pending a Ruling on this Motion Under 28 U.S.C. § 144 – Bias and Prejudice of the Magistrate Judge" (Doc. 81) is **DENIED**.

2. Plaintiff's "Motion to Strike" (Doc. 84) is **DENIED**.

3. Plaintiff's "Motion for Sanctions–Atkins" (Doc. 84) is **DENIED**.

4. Plaintiff's "Motion for Extension of Time to Respond to the Magistrate Judge" (Doc. 84) is **GRANTED** as stated more specifically in the following paragraphs.

5. The "Objection to Order of this Court" (Doc. 28) is **DENIED** as untimely under Federal Rule of Civil Procedure 72(a).

6. Claims One, Two, Four, Six, Nine, and Eleven of the "Civil Complaint-Amended" (Doc. 28) are **DISMISSED** with prejudice.

7. On or before September 17, 2013, as to Claims Three, Ten, and Thirteen of the "Civil Complaint-Amended", Plaintiff shall submit: A) separate, independent, and legally sufficient new complaints for Defendants Kilbourne, Newman, John D. Elliott (along with Scott Elliott, as the alleged legal guarantor of John D. Elliott's debts), and Rudisill that state to the right of the caption for each of those four new complaints, "NEW COMPLAINT FOR SEVERED CLAIM(S) _____ FROM 1:11CV193"

with the number(s) of the corresponding "Claim(s)" from the "Civil Complaint-Amended" in the blank; and B) either the applicable filing fee or a proper application to proceed as a pauper;

8. On or before September 17, 2013, as to Claims Seven, Eight, Twelve, and Fourteen of the "Civil Complaint-Amended," Plaintiff shall submit: A) separate, independent, and legally sufficient new complaints for each such "Claim" that states to the right of the caption for each of those four new complaints, "NEW COMPLAINT FOR SEVERED CLAIM _____ FROM 1:11CV193" with the number of the corresponding "Claim" from the "Civil Complaint-Amended" in the blank; and B) either the applicable filing fee or a proper application to proceed as a pauper;

9. If Plaintiff files any such new complaints as to Claims Three, Seven, Eight, Ten, Twelve, Thirteen, and Fourteen of the "Civil Complaint-Amended" (Doc. 28), he shall contemporaneously file a separate memorandum up to five pages in length with each such complaint showing cause why each such complaint should not be transferred to another district via 28 U.S.C. § 1406(a);

10. If Plaintiff files new complaints as to Claims Three, Eight, Ten, Twelve, and Thirteen of the "Civil Complaint-Amended," he shall contemporaneously file a separate memorandum up to five pages in length with each such complaint showing cause why each such complaint should not be dismissed for want of subject matter jurisdiction;

11. If Plaintiff files new complaints as to Claims Three, Seven, Eight, Ten, Twelve, Thirteen, and Fourteen of the "Civil Complaint-Amended," Plaintiff shall include in each such complaint factual allegations as to the place(s) of occurrence of events alleged; and

12. If Plaintiff files new complaints as to Claims Three, Seven, Eight, Ten, Twelve, Thirteen, and Fourteen of the "Civil Complaint-Amended," Plaintiff shall include in each such complaint factual allegations as to the time(s) of occurrence of events alleged.

**A FAILURE BY PLAINTIFF TO COMPLY WITH THIS ORDER WILL RESULT IN DISMISSAL OF ANY SURVIVING PORTION OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.**

This the 12th day of July, 2013.

_____
UNITED STATES DISTRICT JUDGE